United States District Court
Southern District of Texas
**ENTERED**
November 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **YOGESH YOGESH,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00187** |
| | § | |
| **ROBERT CERNA,** ***et al.*****,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On July 30, 2026, the Court granted in part Petitioner Yogesh Yogesh's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and ordered Respondents to provide Petitioner with an individualized custody review before an immigration judge (IJ) at which the Government bore the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community within 7 days, or else release Petitioner. (Dkt. 19 at 6.) On August 14, 2026, Petitioner filed a Motion to Enforce the Court's Order. (Dkt. 21.) Petitioner argues that the custody hearing held on August 4, 2026 did not comply with the Court's July 30, 2026 Order. (*Id.* at 1.) Specifically, Petitioner alleges that the IJ's determination that Petitioner is a flight risk and danger to the community did not establish DHS as the party bearing the burden of proof; did not apply the clear and convincing standard; and did not identify a finding that DHS satisfied that heightened evidentiary burden. (*Id.* at 3.)

Accordingly, Respondents are hereby **ORDERED** to supplement their position that the bond hearing held on August 4, 2026, complies with the Court's July 30, 2026 Order and provide

a transcript or recording of the bond proceedings and copy of the accompanying evidentiary submissions to the Court. The supplement is due on or before **December 4, 2026**.

IT IS SO ORDERED.

SIGNED this November 23, 2026.

Diana Saldaña
United States District Judge